**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ROBERT HODGES and wife** | § | |
| **DEBORAH HODGES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant

Wells Fargo Bank, N.A. ("Wells Fargo") removes this action from the 393rd Judicial District

Court of Denton County, Texas to the United States District Court for the Eastern District of

Texas, Sherman Division.

## I. <u>STATE COURT ACTION</u>

1.      On July 2, 2012, Plaintiffs Robert Hodges and Deborah Hodges ("Plaintiffs")

filed Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order and

Request for Disclosure (the "Petition") in the 393rd Judicial District Court of Denton County,

Texas, styled *Robert Hodges and Deborah Hodges vs. Wells Fargo Bank, N.A.*, Cause No. 2012-

60833-393 (the "State Court Action").

2.      Wells Fargo was served with citation and a copy of the Petition on July 3, 2012. Accordingly, this removal is within thirty days of July 3, 2012 and is timely under 28 U.S.C. § 1446(b).

3.      The United States District Court for the Eastern District of Texas, Sherman Division has jurisdiction over this action based on diversity of citizenship between the parties in that Wells Fargo is now, and was at the time this action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount.  *See* 28 U.S.C. § 1332(a).

## II.  PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441.

5.      Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

(a)      **Exhibit A**: A list of all parties in the case and status of the State Court Action;

(b)      **Exhibit B**: A civil cover sheet;

(c)      **Exhibit C**: A certified copy of the state court docket sheet;

(d)      **Exhibit C-1**: A certified copy of Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order;

(e)      **Exhibit C-2**: A certified copy of Plaintiffs' Civil Case Information Sheet;

(f)      **Exhibit C-3**: A certified copy of Plaintiffs' Temporary Restraining Order;

(g)      **Exhibit C-4**:  A certified copy of the Certificate of Cash Deposit in Lieu of Bond;

(h)      **Exhibit C-5:**  A certified copy of Notice of Temporary Restraining Order to Wells Fargo;

(i)      **Exhibit C-6**:  A certified copy of Citation to Wells Fargo;

(j)      **Exhibit C-7**:  A certified copy of the Document Records Request Form;

(k)      **Exhibit C-8**:  A certified copy of the Documents Records Request Form;

(l)      **Exhibit D**: List of all counsel of record, including addresses, telephone numbers and parties represented;

(m)      **Exhibit E**: Notice of Jury Request;

(n)      **Exhibit F**: A notation of the name and address of the State Court; and

(o)      **Exhibit G**:  A true and correct copy of an excerpt from the Denton Central Appraisal District Residential Account Detail Report including market valuation of the subject property for tax year 2012.

6.      Wells Fargo is also filing a copy of the Notice of Removal in the 393rd Judicial District Court of Denton County, Texas pursuant to 28 U.S.C. § 1446(d).

## III. <u>DIVERSITY JURISDICTION</u>

7.      Removal of this Action is proper under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a), based upon the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs.

8.      Plaintiffs reside in Denton County, Texas, and purport to own, reside at or otherwise have an interest in real property located at 28 Windsor Ridge, Frisco, Denton County, Texas 75034 (the "Property").  Thus, Plaintiffs are citizens of Texas.  **Exhibit C-1** at ¶¶ 1, 7.

9.      Wells Fargo is a national banking association pursuant to federal law.  Under its articles of association, Wells Fargo's main office is located in South Dakota.  Therefore, Wells Fargo is a citizen of South Dakota.  28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

10.      Accordingly, this lawsuit is between citizens of different states, and complete diversity exists among the parties.

## IV.  AMOUNT IN CONTROVERSY

11.     Where there is complete diversity among parties, and where the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  28 U.S.C. § 1332(a).

12.     Although Plaintiffs' Petition does not explicitly allege an amount in controversy, it is clear from a review of the Petition and the evidence presented by Wells Fargo that the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs.  Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional minimum, removal is proper.  *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-676 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *St. Paul Reins. Co., Ltd.  v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].").  The defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), *cited by Watson v. Provident Life & Acc. Ins. Co.*, No. 3:08-CV-2065-G, 2009 WL 1437823, at *2 (N.D. Tex. May 22, 2009); *Ham v. Bd. Of Pensions of the Presbyterian Church*, No. 3:04-CV-2692-P, 2005 U.S. Dist. LEXIS 3682, at *6-9 (N.D. Tex. Mar. 8, 2005).

13.     In the State Court Action, Plaintiffs allege that Wells Fargo made material misrepresentations to them or otherwise engaged in misconduct during the course of Wells Fargo's servicing of the subject loan and review of Plaintiffs' application for a loan modification,

which conduct Plaintiffs contend led to the initiation of foreclosure proceedings against the Property.  **Exhibit C-1** at ¶¶ 7-16.  In connection with these alleged actions, Plaintiffs further claim that Wells Fargo waived its right to accelerate the note and foreclose the Property.  *See id.* at ¶ 14.  Based on these allegations, Plaintiffs assert purported claims for, *inter alia*, breach of contract and anticipatory breach of contract, unreasonable collection efforts, negligent misrepresentation, malice, and for violation of the Texas Debt Collection Act ("TDCA").  *See id.* at ¶¶ 17-44.  Subject to Plaintiffs' claims, they seek (1) declaratory and permanent injunctive relief to prevent Wells Fargo from foreclosing on the Property (*see id.* at ¶¶ 14, 24, 45-46, 50-53); (2) alleged actual and exemplary damages (*see id.* at ¶¶ 30-31, 38, 44, 47); and (3) alleged attorney's fees and other costs of suit (*see id.* at ¶ 47).  Wells Fargo submits that the value of Plaintiffs' requested permanent injunctive relief, alone, exceeds the minimum jurisdictional requirement.

14.     It is well established that in actions where declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the value of the object of the litigation and the right plaintiff seeks to protect, or the extent of the injury to be prevented.  *Webb v. Investacorp, Inc.* 89 F.3d 252, 256 (5th Cir. 1998) (citation omitted); *see Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010) (citing *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977)); *Seaboard Fin. Co. v. Martin,* 244 F.2d 329, 331 (5th Cir. 1957); *Burks v. Texaco,* 211 F.2d 443, 445 (5th Cir. 1954)); *see also Nationstar Mortgage LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (noting in an action to prevent foreclosure that the amount in controversy is measured by the value of the property, which is the object of the litigation).  To put it another way, in the case at bar, the Court must determine the "value of the object" of Plaintiffs' request for an injunction, or the "value of

**DEFENDANT'S NOTICE OF REMOVAL - Page 5**

the extent of" Plaintiffs' injury if the injunction is not granted.  *See Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 911-912 (5th Cir. 2002) ("The amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *St. Paul Reins. Co.*, 134 F.3d at 1252-1253.

15.     Here, the object of the relief Plaintiffs seek is the Property, as Plaintiffs seek waiver of Wells Fargo's right to accelerate the note and foreclose, and request permanent injunctive relief preventing Wells Fargo from foreclosure and repossession of the Property, which would, in essence, preserve Plaintiffs' title to and ownership of the Property for all time. When the right to property is at issue courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Nationstar*, 351 Fed. Appx. at 848; *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).   Indeed, where a plaintiff files suit specifically seeking to rescind or set aside a foreclosure sale or to enjoin foreclosure of real property, the amount in controversy is the value of the property itself because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property."  *Berry v. Chase Home Fin.*, No. C–09–116, 2009 WL 2868224 at *3 (S.D. Tex. Aug. 27, 2009); *see also Hartford Ins.*, 293 F.3d at 911-912; *Griffin v. HSBC Bank USA, et. al.*, No. 3:10-cv-728-L, 2010 WL 4781297, at *3 (holding that where plaintiff seeks determination as to rightful titleholder of property, value of the property is to be used in determining amount in controversy).

16.     Pursuant to Plaintiffs' request for declaratory and injunctive relief finding that Wells Fargo waived its right to accelerate the note and foreclose, and finding that Wells Fargo is forever enjoined from foreclosure or repossession of the Property, Plaintiffs expressly seek to have removed any right, title or interest that Wells Fargo has in the Property.  **Exhibit C-1 ¶¶ 14,**

24, 45-46, 50-53.  Accordingly, the value of that right must be, at a minimum, the current value of the Property.  *See Martinez*, 777 F. Supp. 2d 1050-1051; *see Waller*, 296 F.2d at 547-548. Significantly, the market appraisal value assigned to the Property for tax year 2012 is well in excess of the jurisdictional limits of this Court.  *See* **Exhibit G**[1] (indicating that the appraised market value of the Property for tax year 2012 is $643,930).  As a result, based on the value of the declaratory, injunctive and other equitable relief Plaintiffs seek in this matter, which includes Plaintiffs' requests to waive Wells Fargo's right to accelerate the note and foreclose, and to permanently prevent Wells Fargo from foreclosing on the Property, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

17.     In addition to the foregoing relief, Plaintiffs seek alleged exemplary damages and also seek to recover their reasonable attorney's fees.  **Exhibit C-1** at ¶¶ 30-31, 38, 44, 47.  For jurisdictional purposes, the amount in controversy includes exemplary damages.  *See St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.  Exemplary damages are capped under Texas law to the greater of: (1)(A) two times the amount of economic damages plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000.  *See* TEX. CIV. PRAC. & REM. § 41.008.  Although Wells Fargo vehemently denies that Plaintiffs are entitled to any damages, when these figures are included in the amount in controversy calculus, it is more likely than not that the value of the relief sought by Plaintiffs in this matter exceeds the $75,000 jurisdictional requirement.  *See Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering plaintiff's

---

[1]      Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the Denton Central Appraisal District Residential Account Detail establishing the market value of the Property at $643,930.

request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000).

18.     Furthermore, it is well established in the Fifth Circuit that potential attorneys' fees are part of the amount-in-controversy calculus.  *White*, 319 F.3d at 675-677 (affirming a district court's finding that attorney's fees are part of the amount in controversy); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney's fees in calculating the amount in controversy).

19.     Based on the value of the declaratory, injunctive and other equitable relief, actual damages, exemplary damages, as well as attorney's fees sought by Plaintiffs, it is facially apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

20.     Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V. <u>CONCLUSION</u>

WHEREFORE, Wells Fargo removes this action from the 393rd Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/  Robert T. Mowrey

**Robert T. Mowrey** ("Attorney-in-Charge")
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Jennifer L. Kinney**
  State Bar No. 24055779
  jkinney@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR WELLS FARGO**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following *via electronic mail and/or ECF and/or facsimile and/or certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 15th day of July 2012:

    J.B. Peacock, Jr.
    David M. Vereeke
    Tracy Turner
    Gagnon, Peacock, Shanklin & Vereeke, P.C.,
    4245 N. Central Expressway
    Suite 250, Lock Box 104
    Dallas, Texas 75205
    Telephone: (214) 824-1414
    Facsimile: (214) 824-5490

/s/  Robert T. Mowrey

Counsel for Defendant

**DEFENDANT'S NOTICE OF REMOVAL - Page 9**